IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILL KEMP (AIS # 090231), | : | |
| Petitioner, | : | |
| v. | : | CIVIL ACTION NO. 08-00745-WS-N |
| BILLY MITCHEM, | : | |
| Respondent. | : | |

REPORT AND RECOMMENDATION

This action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. Petitioner, Bill Kemp, a state prisoner in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging the validity of his 1985 conviction in the Circuit Court of Clarke County, Alabama, for first degree sodomy, for which he was sentenced to life imprisonment. (Doc. 5 at 24, 26, 31).

Having carefully considered Petitioner's petition and amended response, Respondent's answer, and the exhibits and record filed herein, the undersigned is satisfied that Petitioner's petition is untimely. Therefore, it is recommended that Petitioner's habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent, Billy Mitchem, and against Petitioner, Bill Kemp, pursuant to 28 U.S.C. § 2244(d).

FINDINGS OF FACT AND PROCEEDINGS

The Alabama Court of Criminal Appeals found the facts of this case to be as follows:[1]

---

[1] AEDPA directs that a presumption of correctness be afforded factual findings of state courts, "which may be rebutted only by clear and convincing evidence." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). "This presumption of correctness

> Appellant Kemp was found guilty of sodomy in the first degree for performing oral sex on a thirteen-year-old boy and was sentenced to life imprisonment. He raises three issues on appeal.
>
> The state's evidence indicated that during a school recess the 13-year-old victim was accosted by the appellant, who asked him for help. The boy had met the appellant at a video arcade a few months earlier. The boy left with the appellant and they began walking towards the appellant's trailer. On the way, the appellant pulled a knife and menaced the boy with it. Upon arriving at the trailer, the appellant forced the boy inside. He then gave the boy some "home brew" and showed him some pornographic magazines. With the knife in his hands, the appellant then forced the boy back into a bedroom and made him remove his clothes. The appellant then removed his own clothes and forced the boy to lie down beside him. The victim testified that at this time he was not sure where the knife was. The appellant then performed oral sex upon the boy and told the boy that if he tried to run away he would kill him. They both dressed and went back into the living room of the trailer. The appellant again had the knife in his hand. Soon thereafter he forced the boy back into the bedroom, where he again performed oral sex upon him. When they next returned to the living room, appellant Kemp threatened to stab the boy if he tried to leave. He stabbed the sofa arm with the knife to demonstrate what he might do to the victim. The victim testified he was compelled to accompany Kemp, first to the house of an acquaintance, then in the direction of a hospital. On the way, a police patrol car drove by and the victim, seeing it, ran from Kemp and jumped into the patrol car. He related to the officer enough of what had happened for the officer to arrest the appellant. After the appellant was read his rights, the officer asked the appellant if they could go into his trailer. The appellant consented and gave the officer the keys to the trailer. The officer then went to the trailer and searched the trailer, where he found the knife and other evidence which tended to corroborate the boy's recitation of the facts.

Kemp v. State, 516 So. 2d 848, 849 (Ala. Crim. App. 1987).

On November 7, 1985, Petitioner was tried in the Circuit Court of Clarke County,

---

applies equally to factual determinations made by state trial and appellate courts." Id. (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

2

Alabama, and convicted of first degree sodomy. (Doc. 7, Att. 1 at 34-35). On December 9, 1985, he was sentenced to life imprisonment. (Id. at 38-39).

Petitioner appealed his conviction to the Alabama Court of Criminal Appeals on December 9, 1985, and the court remanded the case to the trial court for a Batson[2] determination. Kemp v. State, 516 So. 2d 848 (Ala. Crim. App. 1987). The Alabama Court of Criminal Appeals affirmed Petitioner's conviction and sentence on October 13, 1987, on return from remand. Id. at 852.

On November 16, 1987, Petitioner filed a petition for post-conviction relief in the state court.[3] (Doc. 5 at 30). The Alabama Court of Criminal Appeals affirmed the circuit court's decision on October 28, 1988. Kemp v. State, 541 So. 2d 84 (Ala. Crim. App. 1988).

In 1993,[4] Petitioner filed another petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of Civil Procedure. (Doc. 7, Att. 2 at 2). The circuit court denied that petition on November 3, 1993, and the Alabama Court of Criminal Appeals affirmed the denial on February 11, 1994. (Id.; Kemp v. State, 655 So. 2d 59 (Ala. Crim. App. 1994)). The Alabama Court of Criminal Appeals denied Petitioner's application for rehearing on March 25, 1994. (Id.).

On May 16, 2006, Petitioner filed another Rule 32 petition, which was denied by the circuit court on May 23, 2006. (Doc. 7, Att. 2 at 2). On December 1, 2006, the Alabama Court

---

[2] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)

[3] The disposition of this petition is not entirely clear from the record. The Court deduces from the posture of Petitioner's subsequent Rule 32 motions, as well as his habeas petition, that this request for relief was denied.

[4] The record is unclear as to the precise date that this petition was filed.

of Criminal Appeals affirmed the circuit court's denial of the petition, and, on December 20, 2006, overruled Petitioner's application for rehearing. (Id.; Doc. 7, Att. 3; Kemp v. State, 2 So. 3d 939 (Ala. Crim. App. 2006)). On February 9, 2007, the Alabama Supreme Court denied Petitioner's petition for a writ of certiorari and issued a certificate of judgment. (Doc. 7, Att. 4; Ex parte Kemp, 3 So. 3d 962 (Ala. 2007)).

On April 11, 2007, Petitioner filed another Rule 32 petition, which the circuit court denied on June 13, 2007. (Doc. 7, Att. 2 at 2). The Alabama Court of Criminal Appeals affirmed the denial of that petition on August 15, 2008, and overruled Petitioner's application for rehearing on September 5, 2008. (Id.; Doc. 7, Att. 5). The Alabama Supreme Court denied Petitioner's petition for a writ of certiorari and issued a certificate of judgment on November 21, 2008. (Doc. 7, Att. 6).

On December 31, 2008, Petitioner filed a petition for a writ of habeas corpus with this Court. (Doc. 1). On January 6, 2009, Petitioner was ordered to re-file his petition on the form required by this Court, which he did on February 9, 2009. (Docs. 3, 5). In his Answer, Respondent argues that Petitioner's habeas petition should be dismissed as untimely under 28 U.S.C. § 2244(d)(1). (Doc. 7 at 4). Petitioner was given an opportunity to respond to the respondents arguments, which petitioner did on January 8, 2010. (*See* Docs. 12, 13) The issues have been fully briefed and are now ripe for the Court's consideration.

## DISCUSSION

Title 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners. Henderson v. Campbell, 353 F.3d 880, 889 (11th Cir. 2003). Section 2254 was amended by the Antiterrorism and Effective Death

4

Penalty Act ("AEDPA"), which became effective April 24, 1996. Id. at 890. Since Petitioner filed his petition on December 31, 2008, this case is governed by AEDPA.

Pursuant to 28 U.S.C. § 2244(d), as amended, a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that Petitioner's conviction became final on October 13, 1987, the date

that the Alabama Court of Criminal Appeals affirmed his conviction after remand.  See Kemp v. State, 516 So. 2d 848 (Ala. Crim. App. 1987); (Doc. 5 at 4; Doc. 7, Att. 1 at 36-37).  For petitioners whose convictions became final prior to April 24, 1996, the effective date of AEDPA, the Eleventh Circuit adopted a grace period which allows such persons "a reasonable time of 'one year from the AEDPA's effective date'" to file a federal habeas petition.  Gay v. Hooks, 2009 WL 801777, *1 n.3 (M.D. Ala. 2009) (quoting Wilcox v. Florida Dep't of Corrs., 158 F.3d 1209, 1211 (11th Cir. 1998)).  Accordingly, absent any tolling, Petitioner had until April 23, 1997, to file a federal habeas petition.  See Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999).

As discussed above, the record indicates that Petitioner filed a petition for post-conviction relief in the state court on November 16, 1987.  (Doc. 5 at 30).  While the disposition of this petition is unclear, the Court assumes from the posture of Petitioner's habeas petition that it was denied.  (Doc. 5 at 3-5).  The Alabama Court of Criminal Appeals affirmed the decision of the circuit court, without opinion, on October 28, 1988.  See Kemp v. State, 541 So. 2d 84 (Ala. Crim. App. 1988).

Six years later, in 1993, Petitioner filed another petition for post-conviction relief under Rule 32 of the Alabama Rules of Civil Procedure, which the circuit court denied on November 3, 1993.  (Doc. 7, Att. 2 at 2).  The Alabama Court of Criminal Appeals affirmed the denial of that petition on February 11, 1994, Kemp v. State, 655 So. 2d 59 (Ala. Crim. App. 1994) (table), and overruled Petitioner's application for rehearing on March 25, 1994.  Id.  The record indicates

that Petitioner did not pursue the petition further. (Doc. 7, Att. 2 at 2).

Two years later, on April 24, 1996, Petitioner's one-year habeas statute of limitations began to run. It expired on April 23, 1997.

On May 16, 2006, and April 11, 2007, Petitioner filed two additional petitions under Rule 32, both of which were denied and affirmed on appeal by the Alabama Court of Criminal Appeals. (Doc. 7, Att. 2 at 2). On December 31, 2008, more than eleven years after his habeas limitations period expired, Petitioner filed the instant habeas petition in this Court.

To save his untimely petition, Petitioner must demonstrate circumstances excusing his untimely filing, such as statutory or equitable tolling, delayed commencement of the AEDPA limitations period, or actual innocence. This Petitioner has failed to do.

Section 2244(d)(2) provides for statutory tolling of the habeas limitations period during the time in which a properly filed application for state post-conviction or other collateral review is pending. As noted above, Petitioner filed four post-conviction petitions in the state court before filing his habeas petition in this Court. The first two of his state post-conviction petitions were filed in 1987 and 1993, respectively, and were no longer pending when the one-year habeas statute of limitations began to run on April 24, 1996, and the last two petitions were filed in 2006 and 2007, respectively, long after the limitations period had already expired on April 23, 1997. Thus, none of Petitioner's Rule 32 petitions had any tolling effect on the one-year limitations period which ran from April 24, 1996, to April 23, 1997. See, e.g., Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions

must be 'pending' in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, statutory tolling of the habeas limitations period under § 2244(d)(2) is inapplicable to this case.

With respect to equitable tolling, the courts have recognized that it "is an extraordinary remedy" that may excuse a petitioner's delay in filing a timely petition for federal habeas relief. Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004). However, equitable tolling "is typically applied sparingly" and only where a petitioner establishes that his habeas petition was untimely "because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence.'" Id. (emphasis in original) (citations omitted). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id.

> A determination as to whether rare and exceptional circumstances are presented requires the examination of the facts in each case. Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (per curiam). The focus of the inquiry regarding "extraordinary circumstances" is "on the circumstances surrounding the late filing of the habeas petition" and not on the circumstances of the underlying conviction, Helton v. Secretary for the Dep't of Corr., 259 F.3d 1310, 1314-15 (11th Cir. 2001) (per curiam), and whether the conduct of others prevented the petitioner from timely filing, see Lawrence, 421 F.3d at 1226.

Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006).

Petitioner has not alleged any rare and exceptional circumstances that prevented him from timely filing his habeas petition. Petitioner alleges only that his untimely filing should be excused because he was illiterate during the first twenty years of his incarceration. (Doc. 10 at

8

6-8; Doc. 5 at 7). Petitioner's argument is unavailing.

In Conner v. Bullard, 2005 WL 1387630, *3 (S.D. Ala. 2005) (unpublished), this Court held:

> . . . Petitioner acknowledges that his habeas petition was filed one year and nine months late. However, he asserts that his late petition should be accepted because he is illiterate and could not find inmate assistance to help with the filing of his habeas petition. "[T]here is no right to legal counsel in collateral proceedings, Hooks v. Wainwright, 775 F.2d 1433, 1437-38 (11th Cir. 1985); thus, the "failure to act or think like a lawyer cannot be cause for failing to assert a claim." Smith v. Newsome, 876 F.2d 1461, 1465 (11th Cir. 1999). Accordingly, in this case, Petitioner's lack of legal knowledge does not suffice to excuse his delay in filing a timely petition for federal habeas relief. Where Respondent has asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of § 2244's one year statute of limitations, the undersigned must recommend that this case be dismissed as time-barred.

Conner, 2005 WL 1387630, *3 (S.D. Ala. 2005). See also Smith v. Newsome, 876 F.2d 1461, 1465-66 (11th Cir. 1989) (petitioner's illiteracy did not constitute cause for procedural default of his constitutional claim); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (" We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable [habeas] filing period merits equitable tolling. . . . It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason."). Therefore, equitable tolling of the habeas limitations period is inapplicable to this case.

Likewise, there is no basis for delaying the commencement of the one-year habeas limitations period under § 2244(d)(1)(D), which provides for delayed commencement of the

statutory period when there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence. In his habeas petition, Petitioner claims that, although he was indicted for *second* degree sodomy, he was convicted of *first* degree sodomy, making his conviction and sentence illegal. (Doc. 5 at 7). Petitioner claims that he was unaware of this fact until twenty-two years after his conviction because he was illiterate. (Id. at 8, 12-13).

In support of his claim, Petitioner submits the affidavit of a fellow prisoner, Patrick Charest, who states that he began assisting Petitioner with his legal filings in the winter of 2006. (Id. at 33). In March, 2007, he, Charest, discovered and made Petitioner aware that Petitioner had been indicted for second degree sodomy but convicted of first degree sodomy. (Id. at 34-35). Petitioner claims that the discovery of this information through his fellow inmate's research constitutes newly discovered evidence sufficient to delay the commencement of the one-year statute of limitations. The Court disagrees.

Contrary to Petitioner's argument, the facts purportedly discovered by inmate Charest in March, 2007, do not constitute newly discovered evidence. The details of Petitioner's indictment existed and were known or easily discoverable at the time of Petitioner's trial, conviction, sentence, and direct appeal, at which time Petitioner was represented by legal counsel. (Doc. 1 at 24). There is no allegation that Petitioner's counsel was denied access to this information. Therefore, the details of Petitioner's indictment, if not known by Petitioner's counsel, were easily discoverable with due diligence and, thus, cannot be considered "newly

discovered." Therefore, delayed commencement of the habeas statute of limitations under § 2244(d)(1)(D) is inapplicable to this case.

Finally, Petitioner claims that his actual innocence[5] merits consideration of his otherwise untimely federal petition. (Doc. 10 at 4-6). The Court disagrees.

In Melson v. Allen, 548 F.3d 993, 1002 (11th Cir. 2008), the Eleventh Circuit stated:

> Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period. See Johnson v. Florida Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir.2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing."). Before reaching this question, the petitioner must first make a sufficient showing of actual innocence. Id. This requires the petitioner to produce "'new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" Arthur, 452 F.3d at 1245 (quoting Schlup, 513 U.S. at 324, 115 S. Ct. at 865). If the petitioner shows "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," then he has made a "gateway" claim of innocence allowing his otherwise barred constitutional claims to be considered on the merits. Schlup, 513 U.S. at 315, 327, 115 S. Ct. at 861, 867.

---

[5] "[I]n order to demonstrate actual innocence in a post-conviction proceeding, a petitioner must first 'support [her] allegations of constitutional error with reliable new evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Rankin v. Culliver, --- F .3d ----, 2009 WL 577735, * 6 (S.D.Ala. Mar. 5, 2009)(emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 324 (1995). Thus, "[a] petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id., quoting Schlup, 513 U.S. at 327.

11

> In evaluating this new evidence, a habeas court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." House, 547 U.S. at 537, 126 S. Ct. at 2077 (quotation marks and citation omitted). The court then assesses the likely impact of this new evidence on reasonable jurors. Id. at 538, 126 S. Ct. at 2077. The demanding nature of the Schlup standard ensures that only the "extraordinary" case will merit review of the procedurally barred claims. Id.

Melson, 548 F.3d at 1002. [6]

In this case, Petitioner has failed to make a substantial showing of actual innocence of the crime of first degree sodomy.[7] Petitioner does not even suggest that there is "new reliable

---

[6] It is still unclear whether the Eleventh Circuit will recognize an "actual innocence" exception to the AEDPA's one year statute of limitations. *See e.g.* Milton v. Secretary, Department of Corrections, 2009 WL 3150246 (11th Cir., October 1, 2009) citing Wyzykowski, 226 F.3d at 1218-19. ("To avoid answering that difficult constitutional question until necessary, we have held that before addressing whether the AEDPA's limitations period constitutes a violation of the Suspension Clause in the case of a claim of actual innocence, we should first consider whether the petitioner can show actual innocence."); Taylor v. Secretary, Dep't of Corrections, 230 Fed. Appx. 944, 945 (11th Cir.2007)(" "[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."), and U.S. v. Montano, 398 F.3d 1276, 1284 (11th Cir.2005)("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure timely to file his § 2255 motion.") However, several other circuits have recognized such an exception. *See e.g.* Souter v. Jones, 395 F.3d 577, 602 (6th Cir.2005)("[W]e hold that where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims."); Flanders v. Graves, 299 F.3d 974, 977 (8th Cir.2002)("[A]ctual innocence, if it can be shown, opens the gate to consideration of constitutional claims on their merits, claims that would otherwise be procedurally barred.").

[7] The crime of first degree sodomy is codified at Ala. Code 1975, § 13A-6-63, as follows:
    (a) A person commits the crime of sodomy in the first degree if:

12

evidence" that was not presented at trial that makes it "more likely than not that no reasonable juror would have convicted him" of first degree sodomy. Id. Rather, Petitioner merely asserts a legal technicality[8] as the basis for his "actual innocence" exception. Petitioner's argument is unavailing.

In <u>Justo v. Culliver</u>, 317 Fed. Appx. 878, 880-81 (11th Cir. 2008) (unpublished),[9] the Eleventh Circuit rejected a similar claim of actual innocence based on a deficiency in the indictment, stating:

> Justo supports his actual innocence claim with no "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." <u>Schlup v. Delo</u>, 513 U.S. 298, 115 S. Ct. 851, 865, 130 L. Ed. 2d 808 (1995). Instead, Justo rests his actual innocence claim exclusively on the indictment deficiency. . . . For purposes of the "actual innocence" exception to a procedural bar, the petitioner must show "factual innocence, not mere legal

---

(1) He engages in deviate sexual intercourse with another person by forcible compulsion; or
(2) He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being physically helpless or mentally incapacitated; or
(3) He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old.
(b) Sodomy in the first degree is a Class A felony.

[8] In Petitioner's Rule 32 proceedings, the Alabama Court of Criminal Appeals rejected Petitioner's argument that the alleged deficiency in the indictment divested the trial court of jurisdiction to hear the case. (Doc. 7, Att. 2 at 3). The court held that Petitioner's claim was non-jurisdictional and, thus, procedurally barred. (<u>Id.</u>).

[9] "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." <u>Lanier Constr., Inc. v. Carbone Props. of Mobile, LLC</u>, 253 Fed. Appx. 861, 865 n.5 (11th Cir. 2007) (unpublished).

13

> insufficiency." Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998).
>
> Justo fails to show actual innocence to the offense to which he pleaded guilty. No error has been shown in the dismissal of Justo's habeas petition as time-barred.

Justo v. Culliver, 317 Fed. Appx. 878, 880-81 (11th Cir. 2008). See also Brown v. Dretke, 2003 WL 22251389, *1-2 (N.D. Tex. 2003) (unpublished) (holding that petitioner's burden of establishing actual innocence to excuse the procedural default of his claim had not been met despite allegations of a fatal variance between the indictment and the evidence). Thus, Petitioner falls short of the burden required to obtain relief on the basis of "actual innocence."

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

14

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" Slack v. McDaniel, 529 U.S. 473, 484 (2000), and, in part, on the merits of an underlying constitutional claim, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" id.; *see also* id. at 483-484 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were ' "adequate to deserve encouragement to proceed further." ' "); *see* Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." ' ").

None of the petitioner's claims are such as would warrant the issuance of a Certificate of Appealability. The recommendation that they be denied is based on straighforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of his claims on the record presented. Petitioner's claims are obviously time-barred, and petitioner has failed to demonstrate any basis for tolling of that period, for finding that his claim involves newly-discovered evidence, or that petitioner has made a sufficient showing of 'actual innocence' of the charges for which he was convicted. It is thus RECOMMENDED that the

court DENY any request for Certificate of Appealability.

## CONCLUSION

Petitioner has failed to show any legal ground to excuse the untimeliness of his habeas petition. He has failed to establish statutory or equitable tolling of the AEDPA limitations period, delayed commencement of the limitations period, or actual innocence. Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Petitioner's petition for habeas corpus is due to be **DISMISSED with prejudice** as time barred and that judgment is due to be entered in favor of Respondent, Billy Mitchem, and against Petitioner, Bill Kemp, pursuant to 28 U.S.C. § 2244(d), and that petitioner is not entitled to issuance of a Certificate of Appealability.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 9th day of February 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten [now **fourteen**] days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now **fourteen**] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**