IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILL KEMP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 08-0745-WS-N |
| | ) | |
| BILLY MITCHEM, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, Bill Kemp, has appealed the dismissal of his habeas petition as time barred, and has filed a Motion to Appeal In Forma Pauperis (doc. 19) and Motion for Certificate of Appealability (doc. 20).  As the court's order and judgment dismissing this habeas action contained a finding that petitioner was not entitled to a Certificate of Appealability, the undersigned deems the petitioner's Motion for such relief to be a Motion to Reconsider that ruling.[1]  These matters have been referred to the undersigned pursuant to 28 U.S.C. § 636 for entry of a Report and Recommendation.[2]

The court held that petitioner's collateral challenge to his state conviction pursuant to 28

---

[1] Alternatively, the court may deem the current Motion to be MOOT on the basis that the issue was previously decided by the court.  *See* Docs. 14, 16

[2] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the plaintiff does not have an opportunity to file objections.  Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."); United States v. Woods, 2009 WL 5068805 (S.D. Ala. Dec. 17, 2009) United States v. Gibbs, 2008 WL 5428047 (S.D. Ala. Dec. 23, 2008).  The Clerk is therefore directed to refer this matter to the District Judge for his consideration without the necessity of a waiting period.

U.S.C. §2254 was untimely, and dismissed his claims on that basis with prejudice.  That decision was mandated by "straightforward application of clear Circuit precedent" upon the facts as alleged by petitioner.  (Doc. 14)  As stated in the Report and Recommendation, which was adopted as the opinion of the court by the District Judge (docs.16,17), the petitioner's claims are "obviously" time-barred.  Even were this Circuit to have established an actual innocence exception to the one-year limitations period, petitioner provided no arguably valid factual basis for such a claim.

Petitioner's Motion for Certificate of Appealability offers no further basis to believe that reasonable jurists might question the application of the limitations period to bar this action, and no basis for the court to alter its denial of a Certificate of Appealability on that decision.  *See* Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997)(A motion to reconsider may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion.)[3]  In short, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."  Gibson v. Mattox, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted).   Petitioner has failed to address these requirements.

Similarly, petitioner's Motion for Leave to Appeal In Forma Pauperis is due to be denied.

---

[3]  While Mays involved a post-judgment motion under Rule 59(e), courts within this Circuit have often applied its holding to pre-judgment motions to reconsider.  *E.g.,* Busby v. JRHBW Realty, Inc., 2009 WL 1181902 at *2 (N.D. Ala. 2009); Controlled Semiconductor, Inc. v. Control Systemation, Inc., 2008 WL 4459085 at *2 (M.D. Fla. 2008); Eslava v. Gulf Telephone Co., 2007 WL 1958863 at *1 (S.D. Ala. 2007);  Summit Medical Center, Inc. v. Riley, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003); Nicholson v. City of Daphne, 07-0496-WS-M (order of July 7, 2009).

The guidelines for proceeding *in forma pauperis* are set forth in 28 U.S.C. § 1915. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R.App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir.2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D.Fla.1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993). For the reasons previously stated in addressing the Certificate of Appealability, the undersigned concludes that petitioner's appeal is without merit, and is thus not taken in objective good faith.

     Accordingly, it is the RECOMMENDATION of the undersigned that the Motion for Certificate of Appealability be deemed to be a Motion for Reconsideration, and that it be DENIED, and that the Motion to Appeal In Forma Pauperis be DENIED.

     DONE this the 30th day of March 2010.

                                  /s/ Katherine P. Nelson
                                  **KATHERINE P. NELSON**
                                  **UNITED STATES MAGISTRATE JUDGE**